and Transportation Authority v. Redondo Construction Corp. If you please, the court. Good morning, Hector Benitez-Arraiza, representing Appel and the Puerto Rico Highway and Transportation Authority. If there is any time left after this initial exposition, answering your questions, I would like to reserve the time for a rebuttal. The first issue that I want to bring to the court's attention is that this case is on a second appeal. On the first appeal, the First Circuit Court determined and remanded for a determination of any interests that are applicable for a pre-judgment period. The result was that Appel v. Redondo Construction Corporation sought interests beyond the date of judgment. That in itself is an error. It's in law, per the mandate rule. It's also not allowed, since the only provision for interest after judgment is a federal statute, and we're talking about here pre-judgment interest per a Puerto Rico statute, and it's also a question of elemental semantics. If the court says that interests are to be accrued only for a period prior to judgment, how then could Redondo go back and seek interests beyond that date? And if I would like to go on, because I think that that issue is pretty clear, but the theory under which Redondo is seeking interest is Article 1061 of the Puerto Rico Seal Code. Now, the doctrine on the matter is clear. This is not an entitlement that is automatically attached to a judgment. A claimant has to make an affirmative request for those interests. The record shows that the first time... I thought of all Puerto Rico was that, and I'm referring to Rivera v. Crescioli, that right to pre-judgment interest under 1061 was, I'm sorry, I called it the wrong case. And I started to talk about the wrong subject. I thought legal interest was considered an integral component of the judgment and need not even be alleged to complain to be awarded. And I'm referring now to Municipio de Mayaguez v. Rivera. Yes, Municipio de Mayaguez v. Rivera, first of all, is a case that involves an arbitration award. The only thing that case decided was if an employee seeks administrative relief and he obtains an award in his favor, that he's automatically entitled to legal interest. But this is the thing. Redondo construction here is conflating what is legal interest with what is the legal rate. Legal interest is the interest that is automatically applied after a ruling. Legal rate is contemplated in Article 1061 of the Puerto Rico Civil Code. It has two provisions. The first provision is that it provides that a creditor is entitled to have interest computed for a sum of money, not payment, not merely an entitlement for a general proposition that he expects payment, but it's for a sum of money. It has to be a precise amount. And the other thing it provides is the rate. If there is no rate in the contract, it's 6%. Rivera v. Crescione states that those interests must be claimed affirmatively. But they could have sought it in a Rule 59 motion. Exactly. And so why can't they assert it for the first time in opposition to a Rule 59 motion? Well, as stated in the op-ed brief, the first time Redondo Construction Corporation made a, well, let's call it a request, the only thing they did was reproduce the article. They did not claim Article 1061 interest for a single reason. They obtained an award of 6.5% interest, and Article 1061 provides for 6%. And when you're talking about an award that is over $10 million, 0.5% is no chopped liver. So they didn't request Article 1061 interest back in October 1st, 2009, when they opposed the authorities' Rule 59 motion. And what are we supposed to do with the bankruptcy court and district court finding, to the contrary, that they did raise it in the Rule 59 opposition? Well, I think, well, I would suggest the court, first of all, to see the ruling the first time this case came on appeal. Redondo did not request Article 1061 interest before our argument, which was on March 2012. And just put that aside for a second. What are we supposed to do with the district court and bankruptcy court finding that it was raised in the opposition to the Rule 59 motion? The authorities' position, Your Honor, is that this court should set it aside for a single reason. Rule 59 motions must be filed opportunely. Otherwise, a court has no jurisdiction to consider them. The original judgment is of August 31st, 2009. The authority did file a Rule 59 motion opportunely on September 10, 2009. Redondo filed its opposition, first of all, it did not request to amend the judgment. It did not request any affirmative relief, save for preserving exactly the judgment that was rendered, and it was filed 31 days after that judgment was entered. So, that is a clear error. The bankruptcy court and the district court, neither of them had any discretion whatsoever to consider that an affirmative request for Article 1061 interest. That is a clear error. Your argument is the only way to get 1061. How can you, in the ordinary course, if I want 1061 interest, what am I supposed to do to get it? Is the ordinary way to do it to file a Rule 59 motion? Or is the ordinary way to do it to inform the court pre-judgment that I'm going to want the 1061 interest? How would I, what's the usual practice for getting it? Article 1061 only provides for default interest. Now, in the scenario that Your Honor is describing, any claimant could file, could request Article 1061 interest after a judgment, as this court has already declared. And when you request that, does that have to be done through a Rule 59 motion? Well, that, because that is the mechanism that federal courts have stated. There's no other way to get it, in other words. Well, you could, but Article 1061 requires two things. There has to be an obligation for a sum of, a payment of a sum of money, i.e., a specific amount, not a global entitlement. But isn't that happening according to Puerto Rico law? Once there is, I'm trying to look at the phrase, substantial compliance with the contract. Substantial completion, Your Honor? Yeah. Okay. No, no, it does not. Because the doctrine states that Article 1061 does not operate exproprio vigore. It is not a self-executing statute unless there is a specific sum due, first of all, and second, that the debtor is in default. Now, how can a debtor be in default if there is no fixed date for payment, nor a specific amount for payment? Well, once they've done the job, that's the date of payment, that the payment is due according to the way I read Puerto Rico law. Well, in the case that Redondo Cites, which is Master Concrete B. Fraya, keep in mind that the Supreme Court in that case did not automatically say, the owner, you must pay everything that is due. No. The Supreme Court remanded so that there could be a determination of what amount may be due to the creditor. So, it is not, this is specifically. Wait a minute, excuse me. You have a contract. It says I'm going to build this road, and it's going to cost $3 million. You have substantial completion? At that date, $3 million is due. I disagree, Your Honor, because even per the terms of the contract, you cannot just release any amount. You have to look for set-offs. You have to look for claims. You have to obtain the bond agency's release, because if the owner pays automatically, and there are pending claims, then he paid wrongly and has to pay not only the contractor, but also other persons, and also the set-offs that are involved regarding any sort of claim from the part of the owner. Article, neither substantial completion nor Article 1061 would tell you that you have completed 90% of the project. Well, then, here's your money. That is not a proposition that is allowable under any, and I would like this court to consider that there are $11.4 million deposited in the federal court. And $1.5 million have been deducted from the award because Redondo could not prove that he was entitled to overhead, because $11.4 million is not enough to cover the present. And I just have, I just want to clarify what the, what arguments you're making to us. One is it sounds like they're just not eligible under 1061. Okay, putting that, even if they properly raised it, right, that's one. Okay, second, you're making the argument that they raised it too late? They did not raise it, they did not raise it after the first remand, after a trial on the merits, after post-judgment motions, after an appeal in which the appellee came to. And is that, just so I get, is that because in federal court the only way they could raise it is through a Rule 59 motion, and you're contending that even if it was in, even if we construed their opposition to the Rule 59 motion as a kind of Rule 59 motion it came too late? I'm just trying to understand what the legal, how do we. Sure, well, the proposition of the authority is that first, well, that there is no alternative if they did raise it timely. The authority states that they did not raise it at all, unless after remand. And also, that is, I mean, look at this. Redondo went back to the district court, moved the dates of accrual back to the point that the award as it stands spans over 15 years, over the statute of limitations period. How is that even possible that a court would tell a claimant who did not make a timely claim, here you can have an award that is well over the statute of limitations period. And when you say they didn't make a timely claim, you mean because you can only make a timely claim, you can only make this claim through a Rule 59 motion? No, that is certainly not the only avenue for seeking that recourse. So how do we know it's untimely? That's what I'm trying to find. Okay. When the court determines that interests are to be assessed from the date of substantial completion, what it is saying is that you can make that claim since that date. If you can make the claim since that date, that is the start of the statute of limitations period. And if you extend that for over 15 years, which is the period applicable to this sort of claim, then the court is awarding a per se null and void award, because Redondo did not claim. I thought the filing of a complaint was sufficient. I'm sorry? I thought the filing of a complaint was sufficient. That is not what the Puerto Rico Supreme Court stated. Well, I read it somewhere. I'm trying to find it again in my notes, and I can't, but that seems to be my impression. What, no, Redondo, in fact, in the Maya West case, which is 03-194, it specifically requested 6.5% interest under a federal regulation. It did not invoke Puerto Rico law, and it would not be under the aegis of Puerto Rico. The notes that I have, and I'm going to check them again, is that under Puerto Rico law, legal interest is considered an integral component of the judgment and need not even be alleged in the complaint in order to be awarded. Yes, that is legal interest, which is under rule of Puerto Rico Civil Procedure 44, after the judgment. That was what happened in the Maya West case. You have an employee who gets an administrative award, and then before the Supreme Court case, he would not be entitled to interest unless the employer sold review in the judicial courts. That is totally an opposite situation, and please keep in mind that this is a fallacy that is put forth in Redondo's brief, conflating legal interest, i.e. interest to be accrued automatically after judgment with the legal rate that is contemplated under Article 1061. I pray the court to take that into consideration because legal interest is not referring to pre-judgment. Thank you. Mr. Cuprello, good afternoon almost. Good afternoon, Your Honor. Charles Cuprello, representing Redondo. Your Honor, just for clarification purposes, your understanding, Dr. Arruella's understanding of the Puerto Rico law is correct. It's an integral part of the award in civil cases on 1061 is applicable when there's no contractual rate fixed in the contract. These are contracts undertaken under Puerto Rico law, subject to the provisions of the Civil Code of Puerto Rico, Section 1061. The Puerto Rico Highway Authority was in default. There was no reason under 1061 read in conjunction with 1053 of the Civil Code of Puerto Rico for Redondo to claim a default because they defaulted at the time of substantial completion in accordance to the case of Master Concrete versus Fraya by the Supreme Court of Puerto Rico. And not only in this case we have substantial completion, we have acceptance of the contract. And the Puerto Rico Highway Authority failed to perform under the provisions of the contract, which is a blue book cited in our brief part and parcel of the contract in this case. It's the Master Concrete, the Master Contract for each of the three projects is contained in a contract book that incorporates as an integral part of the award the big documents, the plans and specifications and general provision. It also incorporates the Puerto Rico Department of Transportation and Public Works and Highway Authority standard specification for road and bridge construction of 1989, known as a blue book. Here the facts are stipulated, they're well defined by Judge Lamothe in his opinion and order, which he cited. He followed the mandate of this court in fixing the interest to which Redondo was entitled to, the rate and the time frame. Since inception, Redondo has been claiming interest, which was not necessary. Can I just understand, when you first got the judgment, you did not ask specifically for 1061 to apply, correct? The practice in Puerto Rico, no, the answer is no, Your Honor. At that time, the rate of interest that was requested, which this court found erroneous, was 6.5 under a theory that the contract was subject to federal law. Okay. The practice in Puerto Rico, the standard practice is just to demand a payment under the provisions of the complaint, and you don't even have to ask for interest. It's an integral part of the judgment. And when you say interest, you mean under 1061? Interest under 1061, assuming there's not a contractual provision providing otherwise, which in this case, this court found that there was not. So therefore, we have to revert back to Article 1061, and it's not correct to say that Redondo did not ask for interest, because since inception, since the filing of the complaint, wrongfully, a demand for interest was undertaken. There being no provision, no contractual provision for an interest rate different from that provided under 1061. So if I get your, the argument is once everybody got clear that the federal law was not going to control the interest determination, 1061 just automatically would be what would apply? That is correct. And that's the reason why. And that's why you say it's not untimely, because we just revert back to now we're all clear what the law is. We have a judgment 1061 just applies. That's correct. And not also, not only that, you know, under Puerto Rico law, you don't have to actually request interest in your complaint. The court, that's an integral part of the judgment that is finally awarded. And it's wrong to try to confuse the interest of Rule 44.3 with that of 1061. This court issued a fate of errata in the original judgment saying that Rule 44.3 was not applicable. The substantive law of Puerto Rico is 1061. I'm, are you done? I didn't want to interrupt you. No, up to that point, yes, Your Honor. Okay, thank you. Your opponent is correct, isn't he, when he says that it was an error to award pre-judgment interest so as to overlap post-judgment interest under the federal rule? No, we do not believe that is correct. We believe that the 1061 is directed to make a party whole to preclude unjust enrichment and that it, the interest. Even post-judgment? Even post-judgment until the time of payment. So pre-judgment interest becomes post-judgment interest? Well, actually it's not pre-judgment interest. It's interest under 1061 up to the point of payment to make the party whole and preclude unjust enrichment. Even though there's a final judgment? I beg your pardon? Even though there's a final judgment? Until the point that you get paid. Okay, gotcha. I understand your argument. Any further questions, Your Honor? No. Thank you. Thank you very much.